

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 5026 | DATE | 7/3/2001 |
| CASE TITLE | Banzion Weiss vs. American Airlines | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Accordingly, with the Notice suffering from not one but two jurisdictional defects, "it appears that the district court lacks subject matter jurisdiction" (Section 1447(c)). That statute commands that " the case shall be remanded" (id.), and this Court so orders. In addition, as permitted under this District Court's LR 81.2(b), the Clerk of this District Court is ordered to mail the certified copy of the remand order forthwith.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | JUL 0 5 2001 | |
| | Notices mailed by judge's staff. | | date docketed | 3 |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 JUL -3 PM 2: 44 | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BENZION WEISS, )
)
Plaintiff, )
)
v. ) No. 01 C 5026
)
AMERICAN AIRLINES, INC., et al., )
)
Defendants. )

DOCKETED
JUL - 5 2001

## MEMORANDUM OPINION AND ORDER

American Airlines, Inc. ("American") has filed its Notice of Removal ("Notice") to bring this action, filed by Ben Zion Weiss ("Weiss") against American and its employee Greg Johnson ("Johnson"), to this District Court from the Circuit Court of Cook County. American has accompanied the Notice with its Motion To Dismiss (the latter being based on the asserted preemption of Weiss' claims against it by the Warsaw Convention ("Convention")). For the reasons stated in this memorandum opinion and order, this Court sua sponte grants American's motion to dismiss in part--but it remands the action, as it stands after such partial dismissal, to its state court place of origin because of the lack of subject matter jurisdiction.

To begin with, American has not conformed to the requirements, as contained in both 28 U.S.C. §§1441(a) and 1446(a),[1] that such removal must be undertaken by all defendants.

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

That is the uniform message conveyed by the applicable caselaw (see, e.g., Roe v. O'Donohue, 38 F.3d 298, 301 and cases cited there), and in this instance American neither has been joined by Johnson nor has it explained the absence of any appropriate explanation from the Notice (as for example by reason of Johnson's not having been served with process as yet).

That noncompliance with the cited statutory requirements might not alone have occasioned remand, because the problem of Johnson's absence might have been a mere oversight that could have been cured within the 30 days allowed for removal (which will expire, according to Notice ¶V, on July 6). But here the very ground that has been asserted by American as a predicate for removal, which may be accepted as far as it goes, also independently calls for remand--essentially American has proved both too much and too little.

To support removal, American first points to the Convention and then seeks to call to its aid the decision in El-Al Israel Airlines, Ltd. v. Tsui Yuan Tseng, 525 U.S. 155 (1999), which established the preemptive effect of Convention Art. 24 on claims of air carrier liability arising out of "les cas prévus à l'article 17." According to El-Al, id. at 168, that provision "refers generically to all personal injury cases stemming from occurrences on board an aircraft or in embarking or disembarking." And in turn that preemptive provision precludes

2

assertion of such personal injury claims under local law even though, for example, "the injury did not result from an 'accident' or because the 'accident' did not result in physical injury or physical manifestation of injury" (id., citations omitted).

That then would call for the dismissal of whichever of Weiss' claims would come within the scope of Convention Art. 24, and this Court must and does grant American's motion to that extent. But what American glosses over (or more accurately misses entirely) is the express provision of Convention Art. 25 and its impact on Weiss' claims. This opinion turns to that provision, which controls the fate of this lawsuit.

As of the time of the El-Al litigation, Convention Art. 25 was in the form quoted in Justice Stevens' dissent (El-Al, 525 U.S. at 178 n.3), and the provision was also referred to in the Court's opinion (id. at 163 n.7) and, more importantly, was expressly reserved by the Court at id. 167 n.10. Since the time that was at issue in El-Al, its provisions have been amended by the United States' September 28, 1998 adoption (effective as of March 4, 1999) of the long-pending Montreal Protocol.[2] That

---

[2] "Long-pending" may be in the running for the understatement of the year. Protocol No. 4 was promulgated at the Hague on September 8, 1955, so that more than four decades elapsed before our Senate's 1998 ratification, which joined the United States with the other nations that had long since signed onto that set of amendments to the Convention.

amendment substituted for the preexisting exclusion of claims of "wilful misconduct" on the part of an airline or its agent or both from the Convention's damages provisions--an exclusion that brought state law (and <u>not</u> the Convention) into play in addressing such claims--a corresponding exclusion that spoke in terms of "damage result[ing] from an act or omission of the carrier, his servants or agents, done with intent to cause damage or recklessly and with knowledge that damage would probably result."

In the proceedings leading to the Senate's ratification of that Montreal Protocol, its Committee on Foreign Relations reported that the new language reflected a clarification rather than any intended change in the standard (S. Exec. Rep. No. 105-20, at 15 (1998)), so that the Protocol simply replaced the earlier "wilful misconduct" term with "the common law definition of 'wilful misconduct'" (<u>id</u>.). And the caselaw post <u>El-Al</u> has held exactly that (<u>Bayer Corp. v. British Airways, PLC</u>, 210 F.3d 236, 238 (4th Cir. 2000); <u>Piamba Cortes v. American Airlines, Inc.</u>, 177 F.3d 1272, 1283-90 (11th Cir. 1999)[3]).

---

[3] With the <u>Piamba Cortes</u> opinion having engaged in such an extended exegesis of Convention Art. 25 and of Montreal Protocol No. 4 (as the court said, it had to address as a matter of first impression whether the Protocol involved an intended change in meaning or merely a clarification of the earlier language), and with American itself having been the litigant that obtained a reversal of summary judgment on the strength of the Court of Appeals' reading, it is even more troubling that American's Motion To Dismiss here has pointed only to Convention Art. 24 and

4

When Weiss' Complaint is viewed, as it must be for this purpose, with all reasonable inferences in his favor, what he has alleged (except for his Count III claim for breach of contract) has to be recognized as charging "wilful misconduct" or its current Convention Art. 25 equivalent on the part of American or its agent Johnson or both. As already stated, those claims are expressly relegated by Convention Art. 25 to state law, and that takes out of play the federal question on which American has attempted to hang its removal hat.

Accordingly, with the Notice suffering from not one but two jurisdictional defects, "it appears that the district court lacks subject matter jurisdiction" (Section 1447(c)). That statute commands that "the case shall be remanded" (id.), and this Court so orders. In addition, as permitted under this District Court's LR 81.2(b), the Clerk of this District Court is ordered to mail the certified copy of the remand order forthwith.

                                             _____
                                             Milton I. Shadur
                                             Senior United States District Judge

Date: July 3, 2001

---

did not even mention the plainly relevant Convention Art. 25 or its impact on the case now at issue.